■ MARGARET MONELL, as Administratrix of the Estate of JOHN H. MONELL, Deceased, Respondent, v. INTERNATIONAL BUSINESS MACHINES CORPORATION et al., Respondents, LOCO CONTRACTING CORP., Respondent-Appellant, and JOHN S. EVANS, Doing Business as JOHN S. EVANS AND SON, Appellant-Respondent. (And third-party actions.) — In an action to recover damages for wrongful death, (1) defendant John S. Evans appeals from so much of a judgment of the Supreme Court, Orange County, dated August 13, 1973, as (a) is against him and defendant Loco Contracting Corp. and in favor of plaintiff upon a jury verdict of $190,000, (b) apportions, also upon a jury verdict, the responsibility therefor at 35% for said defendant John S. Evans, and (c) dismisses plaintiff's complaint as against defendants International Business Machines Corporation and Conforti and Eisele, Inc.; and (2) defendant Loco Contracting Corp. appeals, as limited by its brief, from said portions of the judgment and also the portions thereof which (a) apportion its responsibility upon said jury award of damages at 65% and (b) adjudge that it was in paramount control of the third-party defendant, John N. Evans. (The third-party defendant, John N. Evans, also appealed from the judgment, but has withdrawn his appeal.) Judgment modified, on the law, (1) by deleting therefrom the decretal provision that plaintiff have judgment against defendant John S. Evans and substituting therefor a provision that the complaint against said defendant John S. Evans is dismissed, (2) by deleting the sixth decretal paragraph thereof, which apportions the responsibility between said defendant and defendant Loco Contracting Corp., (3) by deleting from the seventh decretal paragraph thereof the following: " 35/65th of the sixty-five (65%) percent ", and substituting therefor: " seventy (70%) percent of the entire ", and (4) by deleting the eighth decretal paragraph thereof, which is in favor of defendant John S. Evans against the third-party defendant, John N. Evans. As so modified, judgment affirmed insofar as appealed from, with costs to John S. Evans against plaintiff, costs to plaintiff against Loco Contracting Corp. and one bill of costs jointly to International Business Machines Corporation and Conforti and Eisele, Inc., against Loco Contracting Corp. The findings of fact are affirmed. Defendant International Business Machines Corporation (I.B.M.) was the owner of a building being constructed in East Fishkill, New York. Defendant Conforti and Eisele, Inc., was the general contractor in charge of construction. Defendant Loco Contracting Corp. was the concrete subcontractor. Defendant John S. Evans was in the crane rental business and had leased the crane involved in the accident, together with an operator and an oiler, to Loco Contracting Corp. Third-party defendant John N. Evans was the operator of the crane. The accident occurred when the crane, which was carrying angle irons of sub-

stantial weight, fell over, dropping the load onto plaintiff's decedent, who was then leaving his work as an employee of the roofing contractor for the day. The crane was a 40-ton mobile truck crane with a 90-foot boom. The crane part was mounted on a truck which had four axles and 12 rubber tires. The truck part had a cab containing a steering wheel, gear shifts and other equipment needed to drive the truck on a road. The actual driving of the truck was done by the oiler, who had no other duty but to keep the parts lubricated. The crane cab was set upon a spindle located on the carriage. It housed a seat for the operator, levers, a throttle, a boom indicator and engine gauges. The levers were used to rotate the crane, to swing and raise the boom and to hoist and lower loads. The power for the crane came from a gasoline engine which had nothing to do with the engine that moved the truck from one point to another. At the time of the accident only the crane was operating; the truck was immobile. The action was tried in three stages, the first dealing with the primary action, which was by plaintiff against I.B.M., Conforti and Eisele, Inc., Loco Contracting Corp. and John S. Evans. John N. Evans was brought into the action as a third-party defendant. At the conclusion of the introduction of evidence, the trial court granted plaintiff's motion to amend her pleadings to conform to the proof and thereby assert an additional theory of vicarious liability against John S. Evans based upon section 388 of the Vehicle and Traffic Law. The court then determined that the crane came under section 388 as a matter of law and its charge to the jury included that section. The jury returned with a verdict exonerating I.B.M. and Conforti and Eisele, Inc., and, by a general verdict, it held Loco Contracting Corp. and John S. Evans liable. The court next submitted the question of indemnity to the jury (the second stage of the trial), following which the jury found that John N. Evans had been negligent and its specifically found that at the time of the accident he was acting as Loco's employee. The third stage dealt with apportionment pursuant to *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143). The jury found that Loco was chargeable with 65% of the fault and that John S. Evans was chargeable with 35% thereof. The court then directed that Loco be indemnified by John N. Evans for 35/65ths of its 65% responsibility and that John S. Evans be indemnified by John N. Evans for the full amount of his (John S. Evans's) 35% responsibility. It was error for the trial court to allow the amendment to the pleadings and to charge section 388 of the Vehicle and Traffic Law. Under section 125 of the Vehicle and Traffic Law, a motor vehicle is a vehicle "being  *  *  *  operated or driven upon a public highway" (or off the highway; see *Farber* v. *Smolack*, 20 N Y 2d 198, 204). This definition is incorporated into section 388. With respect to the crane, we are dealing with a machine that has multiple functions. When the function is other than that of a vehicle, the statute is inapplicable (cf. *Smedley* v. *Milwaukee Auto. Ins. Co.*, 12 Wis. 2d 460). In our opinion, such a result coincides with the purposes of the Vehicle and Traffic Law and with the statutory and common-law jural relationships created to deal with fiscal and safety responsibility in the construction industry. Since the jury made it clear by its specific finding that its verdict against John S. Evans was based solely upon the imposition of vicarious liability under the Vehicle and Traffic Law, the complaint as against him should have been dismissed. This will leave Loco responsible to plaintiff for 100% of the damage award. However, John N. Evans now becomes liable over to Loco for 70% of the judgment, since the jury found that John N. Evans should fully indemnify John S. Evans for the 35% of the verdict which Loco now has to bear additionally. We reject Loco's contention that the submission to

the jury of the issue of who was the crane operator's employer at the time of the accident was error. This issue came down to a question of control (*Bird* v. *New York State Thruway Auth.*, 8 A D 2d 495), a question which is peculiarly within the fact finder's realm. It was a close question, but the jury's answer thereto was not against the weight of the evidence. We have also considered and rejected the other claims advanced by Loco on appeal. Hopkins, Acting P. J., Latham, Christ, Benjamin and Munder, JJ., concur.