■ STANLEY BETHIEL as Administrator of the Estate of DIANE BETHIEL, Deceased, Plaintiff, v ACTION CRANE CORP., Appellant, and ALAN SAXTON et al., Respondents.—In an action to recover damages for wrongful death and conscious pain and suffering, defendant Action Crane Corporation (Action) appeals from an interlocutory judgment of the Supreme Court, Nassau County, entered December 22, 1976, which, after a jury trial of separate issues pursuant to CPLR 603, adjudged that (1) at the time of the accident in question defendant Saxton was the employee of defendant Action and not the employee of defendant Delta Erection Corp., sued as Delta Erectors, Inc. (Delta), and (2) at the time of that accident there was no written lease agreement which provided for indemnification by Delta of Action for damages as a result of the accident. Interlocutory judgment affirmed, with one bill of costs jointly to respondents. This action arises out of a collision on December 19, 1973 between an automobile owned and operated by the decedent, Diane Bethiel, and a crane operated by defendant Alan Saxton. The accident took place on a public highway while Saxton was driving the crane away from a construction site. The crane was owned by defendant Action, which had leased it to defendant Delta. The complaint alleges that the crane had been negligently operated, that the collision caused injuries to Diane Bethiel which resulted in her death and that both Action and Delta employed Saxton at the time of the accident. On Action's motion, Special Term ordered a separate trial on the questions of (1) whether Action or Delta employed Saxton at the time of the accident and (2) whether, at the time of the accident, a lease was in effect which obligated Delta to indemnify Action for any damages resulting from this action. The jury decided against Action on both questions. There was sufficient evidence to support the jury's findings. The issue of Saxton's employment is one of fact, which turns on the question of who exercised control over him at the time of the accident (see *Monell v International Business Machs. Corp.*, 47 AD2d 637). At the time of the accident Saxton had left Delta's construction site and, in fact, was returning the crane to Action's yard, as Action had directed. Under these circumstances the jury could properly conclude that Saxton was under the control of Action, and not Delta, at the time in question. We have examined Action's other contentions and find them to be without merit. Hopkins, J. P., Martuscello, Rabin and Hawkins, JJ., concur.